IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIE B. GAINES, JR., # 28009                                    PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 3:13cv486-WHB-RHW

RANKIN COUNTY BOARD OF
SUPERVISORS, JARED MORRISON,
WOOD BROWN, GREG WILCOX,
WALTER M. JOHNSON, and JAY BISHOP                                 DEFENDANTS

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Plaintiff Willie B. Gaines, Jr., is incarcerated with the Mississippi Department of Corrections and brings this action challenging the conditions of his confinement while at the Rankin County Jail. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

BACKGROUND

Gaines alleges he was temporarily housed at the Rankin County Jail on two occasions, from February 28 to March 6, and from April 17 to May 3, 2013. He claims to have endured unconstitutional treatment while there. Specifically, he alleges that he was forced to sleep on the floor for the first two days. He also claims that he was denied medical treatment during his second stay and that he was segregated from other inmates because of his HIV status. Three days after his last stretch at the jail, he notified Defendant Rankin County Board of Supervisors of his alleged mistreatment. He complains that the Board has not responded nor launched an investigation. For this, he sues the Board and each of its individual members: Defendants Jared Morrison, Wood Brown, Greg Wilcox, Walter M. Johnson, and Jay Bishop.

The Court takes notice that, based on these alleged conditions, Gaines filed two previous actions, *Gaines v. Baily*, No. 3:13cv204-RHW and *Gaines v. Baily*, No. 3:13cv298-CWR-LRA. Both are still pending in this Court. The first concerns his first stint at the jail, while the second case concerns the latter stay. The cases were filed against jail employees and the county.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Gaines to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Gaines sues the Board of Supervisors and its individual members under 42 U.S.C. § 1983, and read liberally, under state law for (1) failing to respond to his complaints regarding his living conditions and denial of medical care, (2) failing to investigate, and (3) vicarious liability.

S<span/>ECTION 1983

To succeed on a claim of unconstitutional conditions of confinement or a denial of medical care, the plaintiff must allege, among other things, that the defendant acted with deliberate indifference.  *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  To act with deliberate indifference, a state actor must consciously disregard a known and excessive risk to the victim's health and safety.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).  Gaines admits he did not notify Defendants of the alleged constitutional violations until three days after he left the jail the final time.  He does not allege Defendants had notice of the conditions prior to him leaving the jail.  Therefore, Defendants cannot be said to be deliberately indifferent to the alleged conditions or to his medical needs.  These claims are therefore frivolous.

As for the failure to investigate, this does not state a constitutional violation.  *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996); *Smallwood v. McDonald*, 805 F.2d 1036, 1036 (6th Cir. 1986); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985); *Martin v. Streeter*, No. 3:11cv20-SA-DAS, 2012 U.S. Dist. LEXIS 152662 at *6 (N.D. Miss. Oct. 24, 2012); *Davis v. Hanford*, No. 3:11cv1364, 2011 U.S. Dist. LEXIS 137817 at *6 (W.D. La. Oct. 25, 2011); *Newsome v. Primes*, No. 05-5465, 2008 U.S. Dist. LEXIS 37104 at *5-6 n.3 (E.D. La. Mar. 17, 2008); *Woodland v. City of Vicksburg*, No. 5:05cv85-DCB-JCS, 2006 U.S. Dist. LEXIS 85050 at *10-11 (S.D. Miss. Nov. 21, 2006); *Bloch v. Lake*, No. 3:03cv2965-G, 2004 U.S. Dist. LEXIS 8582 at *15 (N.D. Tex. May 10, 2004); *May v. Kennard Indep. Sch. Dist.*, No. 9:96cv256, 1996 U.S. Dist. LEXIS 14596 at * 12-13 (E.D. Tex. Oct. 1, 1996).  This claim is therefore dismissed.

Finally, Gaines contends Defendants should be held vicariously liable for the jail

employees' actions, because, he alleges, Defendants have authority over the jail officers. "There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). The supervisor must either be personally involved in the violation or otherwise have caused the violation. *Id.* Despite being give the opportunity to do so, Gaines fails to point to any personal involvement or wrongdoing attributable to Defendants. The vicarious liability claim is therefore dismissed for failure to state a claim upon which relief could be granted. Dismissal of the Section 1983 claims counts as a strike pursuant to Section 1915(g).

STATE LAW

Finally, Gaines asserts various State law claims. Because they invoke the Court's supplemental jurisdiction, they are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED**. The Section 1983 claims are dismissed with prejudice as frivolous and for failure to state a claim. These dismissals count as a strike pursuant to 28 U.S.C. § 1915(g). The State law claims are dismissed without prejudice. A separate final judgment shall issue per Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 7th day of October, 2013.

    s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE